C. F. OGLESBY *v.* R. J. BINGHAM ET AL.

1. VENDOR AND VENDEE. *Conveyance by several. Limited interest. Lien.*

> Where the widow and adult children of an intestate, who died before the adoption of the code of 1880, joined in selling and conveying land of the estate, and took as part payment a note payable to the widow, which note was given her, in distribution of the estate, in lieu of her dower, the purchaser cannot defeat the vendor's lien which her heirs seek to enforce on the land, on the ground that it only bound her dower interest, and that this terminated at her death. The purchaser, having obtained the fee, and given the note in part payment, has no concern with the distribution of the estate.

2. DEED. *Husband and wife. Tenants by the entirety. Survivorship.*

> Prior to the code of 1880, a conveyance to husband and wife jointly created them, not tenants in common, but tenants by the entirety, and, upon the death of one, the other took the whole estate.

FROM the chancery court of Webster county.
HON. BAXTER MCFARLAND, Chancellor.

A. G. Young died intestate, in 1878, owning certain land in Webster county. He owed no debts, and there was no necessity for administration. His widow, M. J. Young, and the six children of her husband by a former marriage, agreed verbally among themselves that the widow should take a child's portion of the estate in lieu of her dower. Two children had received advancements from their father, in consideration of which they relinquished any claim as distributees of

the estate. After reaching this agreement, the widow, M. J. Young, with the remaining four children, adults, sold the land in controversy, on which was the homestead of the intestate, to C. F. Oglesby, and jointly executed a warranty deed conveying the land to C. F. Oglesby and H. C. Oglesby, his wife. This deed was dated February 20, 1880. As part of the purchase-price, C. F. Oglesby executed a note for $328.92, payable to Mrs. M. J. Young, to whom the note was at once given by the heirs, in part payment of her distributive share in the estate as agreed upon.

Mrs. H. C. Oglesby, the wife of C. F. Oglesby, was one of the children of A. G. Young, who had received advancements during the life-time of her father, and who, in consideration thereof, had relinquished any claim as distributee of the estate. She and her husband knew that the note was being allowed to the widow in the settlement of her interest in the estate.

The widow, Mary J. Young, died intestate, August 14, 1889, owing no debts, and no administration was had on her estate.

The complainants, the appellees herein, the brothers and sisters of Mary J. Young, and her sole heirs, filed this bill against C. F. Oglesby, to have payment of the note aforesaid enforced as a lien upon the land. Mrs. H. C. Oglesby having died before the institution of the suit, her heirs, being all children under age, were joined as parties defendant, in order that whatever interest they might claim in the land should be asserted.

The only defense raised by the answer of C. F. Oglesby is that the note is not a lien on the land; that it was given in purchase of the interest of the widow, who had only a dower estate, and that it could bind only the estate conveyed, and, as her interest terminated at her death, there was now no estate in the land upon which a lien to secure the note could attach.

In behalf of the children of Mrs. H. C. Oglesby, it is con-

tended in argument that their mother, as one of the heirs of
A. G. Young, was entitled to an interest in the land, and
that, under the deed to her husband and herself, she took a
half-interest in the land, which descended to her heirs.

Decree in favor of complainants, directing the land to be
sold in satisfaction of the lien.   C. F. Young has appealed.

*A. F. Fox*, for appellants.

I submit that no such interest was conveyed by the widow
as to give a lien on the entire land to secure the note.   Her
interest was only for life.   Since she is dead, there is abso-
lutely nothing on which the lien can attach.   The vendor's
lien only attaches to the estate sold.   *Richardson* v. *Bowman*,
40 Miss., 782.

*Leverett & Gore* and *R. C. Beckett*, for appellees.

The heirs of A. G. Young are not complaining of the dis-
tribution in which Mrs. Young, the widow, received the note.
They are not seeking to rescind.   They all joined in the
deed.   Oglesby, the purchaser, cannot object to the distribu-
tion.   He has obtained all he purchased, but has not paid
the note, which represents part of the price.   He is in pos-
session, and cannot dispute the title of his vendors.   *Miller*
v. *Palmer*, 55 Miss., 323;   *Ware* v. *Haughton*, 41 *Ib.*, 370.

The children of H. C. Oglesby have no interest in the
land.   The deed was made to C. F. Oglesby and his wife
jointly.   It created an interest by the entirety.   *McDuff* v.
*Beauchamp*, 50 Miss., 531.

Cooper, J., delivered the opinion of the court.

The assignment of error and argument of counsel for ap-
pellant proceed upon the erroneous conclusion that Mrs.
Young conveyed to him a dower interest in the land, and that
the notes for which the lien on the land has been decreed
were given for that interest.

It may be true that, as between Mrs. Young and the heirs

at law of A. G. Young, deceased, she would only have been entitled to a dower in the land, but, by an arrangement satisfactory to themselves, it was agreed that Mrs. Young should take a child's part in the estate; at least they proceeded upon the supposition that such were her rights, and, so believing, they joined with her in conveying the land to the defendant and his wife (who was one of the heirs at law of A. G. Young, and who had received from her father during his life advancements equal to her part of the estate), and, as part of the purchase-price, the notes sued on were executed by the defendant. The estate taken by the defendant and his wife was by entireties, and by her death the defendant has become sole owner.

Mrs. Young did not convey to the defendant a dower interest in the land. She and the other grantors conveyed a fee, and the note is a part of the purchase-price of that fee. He got precisely what he contracted to get. He has not paid the purchase-price. It is no concern of his what agreement the grantors made among themselves for distribution of the purchase-price. They have not attempted to repudiate it, if they could do so, and the defendants will be protected by payment of the notes to the representatives of Mrs. Young.

*The decree is affirmed.*